IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: Barbara Berger | * | Case No. 05-11559-ESD |
| | * | (Chapter 13) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| E. Suzan Miller | * | |
| v. | * | Civil Action No. WMN-05-3038 |
| Barbara Berger | * | |

## MEMORANDUM

On October 6, 2005, the Bankruptcy Court (Judge Schneider) denied Motions for Reconsideration filed by Appellee Barbara Berger. One motion sought reconsideration of the Bankruptcy Court's August 11, 2005, Order dismissing her bankruptcy case and the other motion sought reconsideration of the deadlines fixed by the Bankruptcy Court for filing a contract of sale and an amended Chapter 13 plan. Berger now appeals the denial of both motions. Paper No. 10. The events that led to the filing of the motions are as follows.

Berger and her son, Christopher Loveland, are co-owners of property located at 6230 Taneytown Pike, Taneytown, Maryland 21787. On January 27, 2004, the Circuit Court for Carroll County directed that the Property be sold and appointed the Circuit Court Trustee, E. Susan Miller, to evaluate and cause the Property to be sold in the most expeditious and profitable manner. Christopher Loveland v. Barbara Berger (Case No. C-2000-

32154).  On January 25, 2005, one day prior to the sale of the Property scheduled by Miller, Berger filed her bankruptcy case. As a result of the bankruptcy filing, the scheduled sale was stayed by the automatic stay imposed under 11 U.S.C. § 362.

Miller filed a Motion for Relief from Stay and a hearing was held on February 18, 2005.  Judge Derby denied the request to lift the stay but conditioned the stay on Berger filing an amended Chapter 13 Plan "within two weeks that sets a date certain for the sale of 8/31/05."  Bankr. Paper No. 15.  Judge Derby also ruled that, "failing either condition, the stay is lifted to permit the Trustee to continue to sell."  Id.

On March 29, 2005, Berger filed an Amended Chapter 13 Plan, Bankr. Paper No. 18, which the Bankruptcy Court (Judge Keir) reviewed during a May 26, 2005 hearing.  Bankr. Paper No. 23. Judge Keir denied confirmation of the Amended Plan and imposed a deadline of August 1, 2005, for Berger to file a new amended plan.[1]  Bankr. Paper No. 24 (Order Dated June 3, 2005).  Judge Keir also ordered "that if within the time granted for amendment [Berger] fails to file an Amended Plan . . . this case may be dismissed."  Id.

---

[1] In her Appeal Brief, Berger states in reference to the June 3, 2005, Order that the "Plan Order set the new date for a plan to be filed at September 1, 2005" and cites Bankr. Paper No. 24.  Appellant's Brief 6.  Paper No. 24, however, sets August 1, 2005, as the deadline to file an amended Plan and sets September 1, 2005, as the hearing date for confirmation on an amended plan if filed.

2

Berger failed to file the Amended Plan by the August 1, 2005, deadline. On August 11, 2005, Judge Derby dismissed Berger's case. Bankr. Paper No. 33. The Order states, "[b]y Order of Court entered on June 3, 2005, the Debtor[] was given leave to file an amended plan by August 1, 2005 . . . . Debtor has failed to do so."

Also on August 11, 2005, Judge Derby entered a second order "incorporating a ruling by the court made at a hearing on February 18, 2005."[2] Bankr. Paper No. 32. The Order states, "[w]ithin fourteen (14) days after the entry of this order, the debtor shall file an amended Chapter 13 Plan setting forth a date certain for settlement on the sale of the subject real property that is not later than August 31, 2005." Id. To explain the untimeliness of the Order, the Order's heading states, "Debtor's counsel was requested to submit an order to reflect the court's ruling at the time, but he failed to do so." Id.

On August 22, 20005, Berger filed the aforementioned motions for reconsideration and now appeals the denial of those motions.

Berger argues that the dismissal of her bankruptcy case on August 11, 2005, was the result of a clerical error. Appellant's Brief 10. Berger reaons that "the Bankruptcy Court set two

---

[2] At the February 18, 2005, hearing Judge Derby denied the request to lift the stay but conditioned the stay on Berger filing an amended Chapter 13 Plan "within two weeks that sets a date certain for the sale of 8/31/05." Bankr. Paper No. 15.

3

[deadlines for the filing of the Amended Plan] in two separate Orders issued." Id. 5. Berger argues that she was "entitled to file a sale plan by August 25, 2005" and the "reason she lost her opportunity was because of a clerical error in the dismissal of her case." Id. 10. Berger calculates the alleged August 25, 2005, deadline by counting 14 days from August 11 – the date of the Order that memorializes the February 18, 2005, Ruling.

First, the June 3, 2005, Order expressly stated that Berger had until August 1, 2005, to file the Amended Plan and if she failed to do so her case would be dismissed. Bankr. Paper No. 24. Second, the Bankruptcy Court's second August 11, 2005, Order which Berger claims sets a "different" deadline for her to file the Amended Plan by August 25, 2005, expressly states in its heading that the order incorporates the ruling made by the court at the February 18, 2005, hearing and it had not been memorialized sooner due to the failure of Berger's counsel to submit an order reflecting the court's ruling. Bankr. Paper No. 32. As such, the 14 day period provided for in the Order had long passed. Third, Berger's argument that she relied on the August 25, 2005, deadline fails because the alleged second deadline was not imposed until August 11, 2005, which was 10 days after the August 1 deadline had passed. Assuming Berger's argument that a different deadline was imposed on August 11 is correct, the only deadline up until that point was August 1 and

Berger does not deny that she failed to file an Amended Plan by that date.  Accordingly, for each of the aforementioned reasons the Court finds that the Bankruptcy court properly denied Berger's motions for reconsideration.

A separate order consistent with this memorandum will issue.

/s/

_____
William M. Nickerson
Senior United States District Judge

Dated: March 7, 2006

5